90    505<br>s190s  43

## Chicago and E. I. R. R. Co. v. Martha I. Storment.

1. CARRIERS OF PASSENGERS—*The Rule as to Negligence in Attempting to Alight from a Moving Train, Not Universal.*—The rule that it is negligence in a passenger to attempt to alight from a train while it is in motion can not be said to be a universal rule, since there are many exceptions to it.

2. VERDICTS—*When Not to be Set Aside.*—The rule of law that where there is evidence before the jury sufficient to support a verdict for the plaintiff, the court should not direct a verdict for the defendant, is well settled and understood.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion modified on rehearing and refiled August 31, 1900.

Statement.—This was an action on the case brought to the Marion Circuit Court, by appellee against appellant, to recover damages for negligently starting its train while

appellee, who was a passenger thereon, was in the act of alighting from it at Salem, a station on appellant's railroad, and was seriously injured thereby.

Appellee resided at the village of Carter, a station on the road south of Salem, and on the 6th of April, 1898, she purchased a railroad ticket from Carter to Salem, and, accompanied by her sister-in-law, a Mrs. Wham, started for Salem.

On the train they met two other lady acquaintances, also bound for Salem, and the four ladies took seats near together. The train was considerably delayed before reaching Salem, on account of the wreck of a freight train. There were several other passengers bound for Salem. The train arrived there late, and the conductor, on calling the station, immediately got off to receive his orders, and got them from the station agent at the front end of the train. When the train stopped, the four ladies went to the front end of the car in which they were, to get off—two of them in front of appellee—and when she was on the car steps, and in the act of alighting, the train started, and with the aid of two of her companions she got on the platform, and in so doing was wrenched or jarred, and immediately complained of being injured. The train went on without stopping, the conductor being at the front end of the baggage car when he gave the signal to start. Appellee was fifty-nine years of age and soon became partially paralyzed from the injury received.

There are four counts in the declaration which allege negligence on the part of appellant in starting its train while appellee, in the exercise of due care for her own safety, was in the act of alighting therefrom, and in not stopping its train a sufficient length of time to allow appellee to safely alight from it.

The verdict and judgment were for plaintiff for $2,000 damages, and defendant has appealed.

L. M. KAGY, attorney for appellant.

FRANK F. NOLEMAN and W. F. BUNDY, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Many errors are assigned on the record but only those argued by counsel need to be noticed.

The principal errors relied upon are the rulings of the court in refusing to give appellant's instruction at the close of plaintiff's evidence in chief, to find for the defendant, and in refusing to give the same instruction at the close of all the evidence in the case.

It is urged that the train stopped at the station a sufficient length of time to have allowed appellee to alight with safety. The evidence of the witnesses as to the length of time the train actually did stop, varies from a moment or two to a minute and a half. The station agent seems to have recorded a one-minute stop, but he testified that was the usual record he made. His testimony shows that he was ready with his clearance notice for the conductor when the train came in, and the evidence of all the witnesses who fix the time at a minute or more, is as unreliable as that of plaintiff's witnesses who fix it at a moment or two.

The train had been delayed by the wreck on the road between the two stations, and the inference from the testimony of the railroad men is that they were in a hurry to get the train forward. This is especially true of the conductor, who, standing at the front end of the baggage car, signaled the engineer to pull out, without knowing the condition of matters behind him, where appellee was in the act of getting off the car she had been in. There is no reliable evidence that appellee did not leave her seat in the car as soon as the train stopped, or that she delayed getting on the steps of the car before the train started; but it is all the other way.

It seems to us from a careful reading of the evidence, that the jury were warranted in finding that the train stopped only a short time, and not a sufficient length of time to have allowed appellee, circumstanced as she was, to have alighted from it in safety.

It is also urged that if the train did not stop long enough

for appellee to alight with safety it was her duty to have remained on the train and that she was negligent in not doing so, and such negligence should bar a recovery.  Numerous cases are cited, and more might be cited, holding that it is negligence in a passenger to attempt to alight from a train while it is in motion; and while such a rule may be called a general rule, it can not be said to be a universal rule, since there are many exceptions to it.  If appellee had been inside, or even on the platform of the car when the train started, her condition would have been different from what it was in the situation in which she was placed; being, as she then was, in the act of getting off, and shocked by the starting of the train, while she was in that situation.

Under such circumstances, knowing the danger of being killed under the wheels of the train if she failed to get on the depot platform, it can not be said, as a matter of law, that because she did not remain where she was, and refuse the assistance of her lady friends in helping her off, she was guilty of such negligence as should bar a recovery for the injury she received.

Whether she was negligent in not sooner getting out of the car to the place she had reached when the train started, or in getting off the car as she did, were questions of fact for the jury to determine.

The rule of law that where there is evidence before the jury sufficient to support a verdict for the plaintiff, the court should not direct a verdict for the defendant, is now so well settled and understood that a citation of authorities can add nothing to its support.  The court did not err in refusing the instruction.

Counsel for appellant calls our attention to twelve pages of the abstract, containing exceptions to the rulings of the court in admitting and rejecting evidence, of which appellant complains as the most important exceptions, and says:

"While all may not be well taken, appellant insists that some of them, at least, were."

We have fully examined each of the questions and rulings thereon, and find that no material error was committed by the court in respect to any of them.

It is insisted by appellant that the giving of plaintiff's third instruction was error. The instruction is as follows:

" 3. Although you may believe from the evidence that the plaintiff jumped or stepped from the train in question after it was in motion, whereby she received the injuries complained of, yet if you further believe from the evidence that while the plaintiff was descending the steps of the said train, the same was suddenly, carelessly and without warning to her, set in motion by the defendant, and that the plaintiff was thereby placed in a perilous position, then it is for you to determine from the evidence whether the plaintiff acted as a reasonably prudent person would have done under like circumstances; and if you believe from the evidence that under the surrounding circumstances the plaintiff was not guilty of negligence but acted as a reasonably prudent person would have done under like circumstances, then the fact of her so stepping or jumping from said train while the same was in motion, will not prevent the plaintiff from recovering in this case."

The objections to the instruction are that it ignored the duty of appellee to have left the train with reasonable expedition after it had stopped; also her duty not to have gone on the steps of the train after it had been stopped a reasonable length of time to have allowed her to depart with safety; and that it took from the jury the right to determine whether what she did or omitted to do debarred her from recovering, and decided that question for them.

The "like circumstances" and "surrounding circumstances" embrace the circumstances existing, and which surrounded appellee from the time she left her seat in the car until she landed on the platform, and so the jury must have understood the instruction. None of the objections are well taken.

A further error insisted upon is the refusal of the court to give some of defendant's instructions and in modifying others and giving them as modified.

Defendant asked the court to give to the jury thirty-one instructions, besides the instruction to find for the defendant. The court gave fifteen as asked; modified three and gave them as modified, and refused to give the remainder. The number asked was beyond all reason, as there

were practically but two questions for the jury to determine, and they were, was the plaintiff in alighting from the train as she did, guilty of negligence that contributed to her injury, and what damages, if any, was she entitled to recover?

It was scarcely disputed that if she was entitled to recover at all, the damages assessed were reasonable, as it seems probable from the evidence that she will never be able to walk again. The sum of the argument for appellant is to sustain the contention that appellee was not entitled to recover at all because the train was in motion when she got off, or was helped off, and the instructions which the court modified were mainly based on that theory. In view of what is before said in regard to plaintiff's instruction, defendant's instructions as asked were properly modified.

One of defendant's instructions required the plaintiff, in order to recover, to prove her case by a " clear preponderance of all the evidence." The court modified it by striking out the word " clear," and such modification is claimed to be error. This is not a criminal case, nor is it an action to recover a penalty; but it is a civil case, which is determined by a preponderance of the evidence, without going further, and the court did not err in modifying the instruction.

The instructions given for the defendant fully covered the entire case and every phase of it, and appellant has no reason to complain in that respect.

The attempt, when made, to get error into a record by asking an unusual number of instructions, often defeats itself by supplying any deficiency that may exist in the instructions of the opposing party. We do not think such has been the purpose of counsel in this case, since the refused instructions are mainly concerning unimportant matters, which involve no substantial questions of law, but the number of them is too large to examine *seriatim* in an opinion.

We find no error in the record that calls for a reversal of the judgment and it is affirmed.